WEBSTER, Judge.
In this workers’ compensation case, claimant seeks review of an order denying her claim for benefits on account of injuries allegedly sustained while a traveling employee. Because we conclude that the judge of compensation claims misinterpreted the applica *113 ble statute in arriving at his decision, we reverse.
According to the evidence, claimant was injured on February 14, 1991, while employed as “a sales representative.” Her employer was in the business of selling vitamins. Claimant’s duties included servicing existing customers and attempting to obtain new customers. Claimant was provided with a van by her employer, so that she might perform such duties.
On the date of the accident, claimant had been required to retrieve an order which had been misdelivered, and to deliver it to the correct customer. The boxes in which the order had been packed were dirty, and claimant soiled her suit while performing this chore. She carried a change of clothes in the van because of the possibility of such occurrences and, accordingly, changed out of the soiled suit after she had made the delivery. Having completed her normal daily route, claimant decided to travel across town to check on whether a “rush order” had been delivered to a new customer. The route to the new customer’s place of business would take claimant past a shopping center in which her dry cleaner’s place of business was located. Accordingly, claimant decided to stop at the dry cleaner’s and drop off her soiled suit. On her way from the van to the dry cleaner’s, claimant tripped and fell, injuring herself.
The judge of compensation claims concluded that whether claimant was entitled to compensation was to be determined by reference to section 440.092(4), Florida Statutes (Supp.1990), which reads:
(4) TRAVELING EMPLOYEES. — An employee who is required to travel in connection with his employment who suffers an injury while in travel status shall be eligible for benefits under this chapter only if the injury arises out of and in the course of his employment while he is actively engaged in the duties of his employment, which shall include travel necessary to and from the place where such duties are to be performed and other activities reasonably required by the travel status.
Finding that claimant “was not engaged in her duties within the course and scope of her employment” or in “other activities normally required of her travel status” at the time of the accident, the judge of compensation claims decided that the claim must be denied.
The judge of compensation claims correctly concluded that the outcome of the claim had to be determined by reference to section 440.092. However, given the facts of this ease, he erred when he based his decision upon only section 440.092(4), without reference to section 440.092(3), which reads:
(3) DEVIATION PROM EMPLOYMENT. — An employee who is injured while deviating from the course of his employment, including leaving the employer’s premises, is not eligible for benefits unless such deviation is expressly approved by the employer, or unless such deviation or act is in response to an emergency and designed to save life or property.
As we read section 440.092, it was the legislature’s intent that, in factual circumstances such as those presented by this ease, whether an employee was “actively engaged in the duties of his employment, ... including] travel necessary to and from the place where such duties are to be performed and other activities reasonably required by the travel status” be determined by reference to section 440.092(3). Because the judge of compensation claims did not interpret the statute in this way, he made no findings applicable to section 440.092(3). Accordingly, we reverse and remand, with directions that the judge of compensation claims make additional findings, regarding section 440.092(3). If possible, such findings should be made by reference to the present record. However, additional evidence may be received, should the judge of compensation claims conclude that such evidence is necessary in order to make the required findings. The judge of compensation claims shall then revisit the issue of compensability.
REVERSED and REMANDED, with directions.
MINER and DAVIS, JJ., concur.